United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARONE WYNN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-15-2085 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Charone Wynn's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 20). The court recommends respondent's motion for summary judgment (Dkt. 15) be granted and the petition be denied with prejudice.

**Background**

On August 3, 2005, a jury in the 178th District Court of Harris County, Texas convicted Wynn of aggravated robbery. The trial court sentenced Wynn to life in prison.

Wynn's conviction was affirmed on appeal on November 9, 2006. The Texas Court of Criminal Appeals granted Wynn the opportunity to file an out-of-time petition for discretionary review, which it subsequently refused without written order on January 15, 2014.

Wynn filed an application for writ of habeas corpus in the state trial court on or about April 14, 2014. The Court of Criminal Appeals denied the application without written order on December 17, 2014. Wynn filed this § 2254 petition on July 13, 2015.

Respondent does not contend that Wynn's federal petition is unexhausted, successive, or time-barred. Respondent contends that Wynn has failed to show he is entitled to federal relief on the merits of his claims.

**Analysis**

A.     **AEDPA Standard of Review**

Wynn's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA).  Wynn is not entitled to federal habeas relief on his claims that were adjudicated on the merits[1] in state court unless the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision may be "contrary to" federal law as determined by the Supreme Court if the state court arrives at a conclusion opposite to the Supreme Court on a question of law, or if the state court "confronts a set of facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches an opposite conclusion.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

A state court decision is an "unreasonable application" of federal law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  Federal habeas relief is warranted only where

---

[1]     A denial of habeas relief by the Texas Court of Criminal Appeals constitutes a ruling on the merits of the application.  *In re Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.  1997).

the state court decision is both incorrect and objectively unreasonable.  *Id.* at 410-11.

**B.    Wynn's Claims**

The court construe's Wynn's petition to allege the following claims for relief:

1.    The trial court violated Wynn's due process rights under the Fourteenth Amendment because the court was biased and openly hostile towards him during voir dire;

2.    Trial counsel violated Wynn's Sixth Amendment right to effective assistance of counsel because counsel advised Wynn to wear his jail uniform and stand mute when addressed by the trial court;

3.    The trial court violated Wynn's Sixth Amendment right to counsel where the trial court ordered him to be visibly shackled during trial; and

4.    The trial court violated Wynn's Fourteenth Amendment right to due process where the trial court ordered him to be visibly shackled at trial.

*__Trial court bias.__*  The Due Process Clause of the Fourteenth Amendment "clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of a particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). However, "bias by an adjudicator is not lightly established." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997). "Ordinarily, we presume that public officials have properly discharged their official duties." *Bracy*, 520 U.S. at 909 (citations omitted).

The Fifth Circuit has noted that "the United States Supreme Court has consistently enforced the basic right to due process and found that decision makers are constitutionally

unacceptable when: (1) the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) an adjudicator has been the target of personal abuse or criticism from the party before him; and (3) a judicial or quasi judicial decision maker has the dual role of investigating and adjudicating disputes and complaints." *Bigby v. Dretke*, 402 F.3d 551, 558–59 (5th Cir. 2005). A petitioner is required to establish that a genuine question exists concerning the trial judge's impartiality in order to demonstrate a due process violation. *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 552 (1994)). None of the concerns set forth in *Bigby* are raised by the record in this case.

Wynn alleges that comments that the trial court made to the jury in voir dire placed the blame on Wynn for being shackled and left no doubt in jurors' minds that the court was openly hostile to Wynn.[2] The record does not support Wynn's allegations. When asked by a potential juror why Wynn was handcuffed, the court responded "Well, he is in custody. People who are in custody are kept in jail. . . . When he is in my courtroom he is going to be handcuffed. That's my decision."[3] The trial court made it clear that the decision to wear prison clothes was Wynn's alone, and the decision to wear shackles was the court's alone. The trial court also made it clear that Wynn was "absolutely entitled to be presumed innocent,"

---

[2]     To the extent Wynn is arguing that shackling him itself is a Constitutional violation, that claim is addressed below. To the extent Wynn is arguing that the Judge's decision for him to remain in shackles is itself evidence of bias, "judicial rulings alone almost never consitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[3]     Dkt. 13-16 at 24-25.

despite these choices.[4] The venire panel was asked to confirm whether they could disregard the fact that Wynn was wearing an orange prison jumpsuit and was shackled in reaching their decision.[5] At no time during voir dire did the trial court display bias and open hostility to Wynn.[6]

Wynn has not met his burden to show that the state habeas court's rejection of this claim was based contrary to or an unreasonable application of federal law, or based on an unreasonable determination of facts. Relief on this claim should be denied.

***Ineffective assistance of counsel.*** Wynn contends that his Sixth Amendment right to counsel was violated by trial counsel's advice to wear his orange prison jumpsuit instead of street clothes and to stand mute before the judge. The Supreme Court has established a two-part test for determining ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must show that his counsel's performance was "deficient" by pointing out specific errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Second, a defendant must demonstrate that his counsel's performance prejudiced his

---

[4]     *Id.* at 22-23.

[5]     *Id.*

[6]     Dkt. 13-15, Dkt. 13-16.

defense. "The focus here is whether a reasonable probability exists that counsel's deficient performance affected the outcome and denied [the defendant] a fair trial." *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). Conclusory allegations are insufficient; specific facts must be alleged. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

Again, Wynn's factual allegations are not supported by the record. Trial counsel (and the court) clearly and repeatedly advised Wynn to wear street clothes, and made sure that some were available to him.[7] It is also clear on the record that Wynn choose not to communicate with counsel or the judge despite have the opportunity to do so.[8] The state habeas court made factual findings consistent with this record and concluded that counsel's performance did not fall below an objective standard of reasonableness.[9]

Wynn has not met his burden to show that the state habeas court's rejection of this claim was based contrary to or an unreasonable application of federal law, or based on an unreasonable determination of facts. Thus, relief on this claim should be denied.

***Denial of counsel due to shackling.*** Wynn contends that his Sixth Amendment right to counsel was violated because being shackled interfered with his ability to communicate with counsel. As stated above, Wynn stopped communicating with counsel before trial.[10] There is no indication in the record that Wynn's ability to communicate was actually impaired

---

[7]     Dkt. 13-15 at 16-18; Dkt. 13-16 at 4-5.

[8]     Dkt. 13-16 at 4-8.

[9]     Dkt. 14-8 at 64.

[10]    Dkt. 13-16 4-8.

by the shackles, or that such alleged lack of communication impacted the jury. The state habeas court found no Sixth Amendment violation.[11]

Wynn has not met his burden to show that the state habeas court's rejection of this claim was based contrary to or an unreasonable application of federal law, or based on an unreasonable determination of facts. Thus, relief on this claim should be denied.

**_Shackling as due process violation._** "Visible shackling undermines the presumption of innocence and the related fairness of the factfinding process," could interfere with the defendant's ability to communicate with counsel, and "affronts the dignity and decorum of judicial proceedings." _Deck v. Missouri_, 544 U.S. 622, 630-31 (2005). For these reasons, the Constitution forbids the use of visible shackles in the presence of the jury unless the trial court determines that their use is justified by an essential state interest specific to the defendant on trial. _Id._ at 629. However, the Supreme Court held in _Brecht v. Abrahamson_, 507 U.S. 619, 623 (1993), that a petitioner is not entitled to habeas relief based on constitutional error unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." _Id._; _See also Hatten v. Quarterman_, 570 F.3d 595, 604 (5th Cir. 2009); _Oliver v. Quarterman_, 541 F.3d 329, 342 (5th Cir. 2008). Overwhelming evidence of guilt may be sufficient to render error harmless. _Hatten_, 570 F.3d at 604.

In this case, the trial court stated specific reasons, outside the presence of the jury, for his decision to have Wynn remain shackled during trial, and advised Wynn to keep his hands

---

[11]     Dkt. 14-8 at 64-65.

underneath the table so the jury would not see them.[12] On direct review, the appellate court held that the trial court's findings that Wynn "(1) exhibited a generally hostile demeanor; (2) acted combatively toward courtroom deputies; (3) displayed clenched fists to the jurors in a manner the trial court interpreted to be threatening; and (4) purposefully defied the trial court's instructions by revealing the shackles to the jurors," satisfied *Deck*.[13] In addition, the appellate court found that to the extent there was any error due to the shackles, it was harmless because Wynn invited the error by purposely displaying the shackles to jurors.[14] The Fifth Circuit has held that the invited error doctrine is a state procedural bar that also bars federal review absent cause for the default and actual prejudice, or a fundamental miscarriage of justice. *Druery v. Thaler*, 647 F.3d 535, 545-46 (5th Cir. 2011).

The trial record contains substantial evidence of Wynn's guilt, including two eyewitnesses who positively identified Wynn in open court. Police recovered from Wynn money and the wallet that was stolen in the robbery, as well as the handgun that was used.[15] Thus, Wynn cannot overcome the "invited error" procedural bar, nor can he meet AEDPA's requirement that he show that the state court's rejection of this claim was based contrary to or an unreasonable application of federal law, or based on an unreasonable determination of facts.

---

[12]     Dkt. 13-15 at 18; *Wynn v. State*, 219 S.W.3d 54, 57-59 (Tex. App. -- Houston [1st Dist.] 2006, pet ref'd).

[13]     *Wynn*, 219 S.W.3d at 60.

[14]     *Id.* at 61 ("It is a well settled principle of law that a criminal defendant cannot invite error and then complain of it on appeal.").

[15]     *Id.* at 56.

## Conclusion and Recommendation

For the reasons discussed above, the court recommends that Wynn's petition be denied with prejudice.

The court further finds that Wynn has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on October 21, 2016.


Stephen Wm Smith
United States Magistrate Judge